FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2006 MAY 24  AM 8: 56

AUGUSTA DIVISION

CLERK _____
SO. DIST. OF GA.

STANDY BROWN,                         )
                                      )
            Petitioner,               )
                                      )
v.                                    )          CV 106-063
                                      )
TONY HENDERSON, Warden,               )
                                      )
            Respondent.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition

is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section

2254 Cases.[1]  For the reasons set forth below, the Court **FINDS** that the petition is time-

barred by the applicable one-year statute of limitations.  Accordingly, the Court **REPORTS**

and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**,

that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

According to Petitioner, pursuant to a guilty plea, the Superior Court of Jefferson

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's
> assignment procedure, and the judge must promptly examine it. If it plainly appears
> from the petition and any attached exhibits that the petitioner is not entitled to relief
> in the district court, the judge must dismiss the petition and direct the clerk to notify
> the petitioner. If the petition is not dismissed, the judge must order the respondent
> to file an answer, motion, or other response within a fixed time, or to take other
> action the judge may order.

County, Georgia, convicted him of aggravated child molestation on October 7, 1992. Pet.,

p. 3. Petitioner states that he did not file a direct appeal or seek state post-conviction relief

of any kind. Id. at 3-4. Petitioner avers that his conviction should be overturned because he

was not properly Mirandized following his arrest. Id. at 6. Petitioner executed the instant

federal petition on March 29, 2006. Id. at 8.

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28

U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the judgment of a
> State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the
> > conclusion of direct review or the expiration of the time for seeking
> > such review;
> > (B) the date on which the impediment to filing an application
> > created by State action in violation of the Constitution or laws of the
> > United States is removed, if the applicant was prevented from filing
> > by such State action;
> > (C) the date on which the constitutional right asserted was
> > initially recognized by the Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made retroactively applicable
> > to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or
> > claims presented could have been discovered through the exercise of
> > due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d).

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the Court presumes the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As Petitioner did not file a direct appeal of his conviction, his conviction became "final" on or about November 6, 1992, when the thirty (30) day period to file an appeal provided for by O.C.G.A. § 5-6-38(a) expired.

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until March 2006, several years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted, Petitioner has provided no basis for supposing that these provisions apply. Thus, the Wilcox bright-line

3

rule applies. That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). However, Petitioner states that he has not pursued any post-conviction or collateral review in the state courts. Pet., pp. 3-4. Thus, § 2244(d)(2) has no application to the instant case.

Of course, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (per curiam) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nevertheless, equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[2]

---

[2]Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). "Actual innocence" refers to the rare instance in which a *constitutional*

## III. CONCLUSION

For the foregoing reasons, the Court **FINDS** the instant petition for a writ of habeas corpus is time-barred. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 24th day of May, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

*violation* has resulted in the conviction of one who is probably innocent. Sibley, 377 F.3d at 1205.